UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| MICHAEL A. WEILAND, ) | | Case No.  6:11-bk-02314-KSJ |
| ) | | Chapter 7 |
| Debtor ) | | |
| ) | | |
| RAMONA R. ROBINSON, ) | | |
| ) | | |
| Plaintiff ) | | |
| vs. ) | | |
| ) | | Adversary No. 6:11-ap-00096-KSJ |
| MICHAEL A. WEILAND, ) | | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM OPINION GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Ramona Robinson, is a creditor in the Defendant's bankruptcy case and seeks a summary judgment determination that the $330,000 judgment debt, along with prepetition interest and costs, owed to her by the Defendant is nondischargeable under Bankruptcy Code 11 U.S.C. § 523(a)(2) because it was procured by fraud.[1]  The Court will grant the Plaintiff's summary judgment motion,[2] finding that the debts owed by the Defendant, including pre-judgment interest and costs, are nondischargeable.

Over a span of 11 years, the Plaintiff and the Defendant have litigated their dispute in the Florida state courts.  In 2002, two annuity companies initiated an interpleader action in the Brevard County Court[3] to determine the rightful recipient of two annuities purchased by the

---

[1] All references to the United States Bankruptcy Code shall be to 11 U.S.C. § 101 *et seq.*
[2] Doc. No. 11.
[3] Case No. 05-2002-CA-006528 and Case No. 05-2002-CA-6758 in Brevard County, FL.

Plaintiff's brother, John S. Cetrano. Upon his death on April 7, 2002,[4] the Plaintiff claimed 100 percent of the annuity proceeds, while the Debtor, the decedent's female friend, and the decedent's son, John M. Cetrano (the "Son"), claimed 40 percent and 60 percent, respectively.[5] The latter based their entitlement to the money upon two change-of-beneficiary forms allegedly executed by the decedent. The Plaintiff then filed a claim for fraud against the Defendant and the Son in Brevard County Court,[6] claiming she was entitled to the annuity proceeds because the beneficiary forms purporting to change beneficiaries were either fraudulently endorsed or endorsed under duress. On February 22, 2011, during the pendency of the cause of action, the Defendant filed this Chapter 7 bankruptcy.[7]

On April 18, 2013, after lengthy litigation including a five-day jury trial and numerous appeals,[8] the Brevard County Court determined that the annuity proceeds belonged to the Plaintiff. The Florida court specifically found that the Defendant had fraudulently executed the beneficiary change forms after the decedent's death and later concealed a material eye witness who would testify against her. The court awarded the Plaintiff a $330,000 judgment, pre-judgment interest of $197,116.23, and reserved jurisdiction to award taxable costs as appropriate subject to a determination of nondischargeability by this Court.[9]

On June 3, 2011 the Plaintiff filed this adversary proceeding seeking a determination under § 523(a)(2) that the $330,000 judgment debt, pre-judgment interest, post-judgment interest, and

---

[4] Doc. No. 11 Exhibit 1 at 2.
[5] Doc. No. 11 Exhibit E at 2.
[6] Doc. No. Case No. 05-2002-CA-006528 and Case No. 05-2002-04-006758 in Brevard County, Florida (Second Amended Crossclaim).
[7] Main Case No. 6:11-bk-02314-KSJ.
[8] The first state court trial resulted in a final judgment in 2005 against the Plaintiff and in favor of the Defendant and Son. The Plaintiff appealed, and, after another trial, the state court found the Defendant actively concealed the whereabouts of a material witness who would testify that the Defendant had fraudulently altered the annuity beneficiary designations after the death of the annuitant. *See Robinson v. Weiland*, 988 So. 2d 1110 (Fla. Dist. Ct. App. 2008) and Doc. No. 11 Exhibit A.
[9] Doc. No. 11 Exhibit B.

taxable costs, are nondischargeable.[10]  On May 7, 2013, the Plaintiff filed a motion for summary judgment on her complaint.[11]

Under Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[12]  The moving party has the burden of establishing the right to summary judgment.[13]  "When a motion for summary judgment has been made properly, the nonmoving party may not rely solely on the pleadings, but . . . must show that there are specific facts demonstrating that there is a genuine issue for trial."[14]  In this case, no factual disputes have been raised, and adjudication of the adversary proceeding on the Plaintiff's motion for summary judgment is appropriate.

In order to establish the nondischargeability of a debt made under false pretenses, false representations, or actual fraud, a plaintiff must establish the traditional elements of common law fraud: (i) the debtor made a false representation with the purpose and intent to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation.[15]  A plaintiff asserting the nondischargeability of a debt for fraud must establish these elements of fraud by a preponderance of the evidence. Where the incidence of fraud before a bankruptcy court are identical to common law elements of fraud argued and decided before a state court, collateral estoppel may be applied to determine the debt nondischargeable under § 523(a)(2).[16]  The Eleventh Circuit Court of Appeals has held that the collateral estoppel law of the state which issued the prior judgment determines whether the prior judgment has a preclusive effect in a subsequent proceeding.[17]

---

[10] Case No. 6:11-ap-96-KSJ.
[11] Doc. No. 11.
[12] Fed. R. Civ. P. 56.
[13] *Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).
[14] *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).
[15] *SEC v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 (11th Cir. 1998); *Fuller v. Johannessen (In re Johannessen),* 76 F.3d 347, 350 (11th Cir. 1996).
[16] *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 676 (11th Cir. 1993) (*citing Grogan v. Garner*, 498 U.S. 279, 285, 111 S. Ct. 654, 658, 112 L. Ed. 2d 755 (1991)).
[17] *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d at 675-76 (citation omitted).

In Florida, collateral estoppel may be invoked where "(1) the issue at stake is identical to the one decided in the prior litigation; (2) the issue was actually litigated in the prior proceeding; (3) the prior determination of the issue was a critical and necessary part of the judgment in the earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case."[18] The Defendant does not dispute that a judgment for fraud has been entered against her or that it has preclusive effect in this Court; instead she argues that the judgment was wrong and she intends to appeal.[19]

Although "it is the general rule that a judgment sought to be used as a basis for the application of the doctrine of res judicata (or collateral estoppel) must be a final judgment,"[20] a pending appeal has no effect on a bankruptcy court's ability to render a nondischargeability determination.[21] The final state court trial judgment, which found the Defendant committed fraud in completing and submitting the beneficiary change forms,[22] has preclusive effect in this nondischargeability action. Moreover, if the Defendant does succeed in this appeal, no enforceable judgment will exist and dischargeability is a moot issue.

The Plaintiff also is entitled to a determination that her award for pre-judgment interest is nondischargeable. The Defendant concedes this point.[23] Generally where interest accruing on a nondischargeable debt is an integral part of the wrongful claim, it also becomes nondischargeable.[24]

---

[18] *In re Houston*, 305 B.R. 111, 117 (Bankr. M.D. Fla. 2003) (citing *In re St. Laurent*, 991 F.2d at 676; *In re Bilzerian*, 153 F.3d 1278, 1281 (11th Cir. 1998)) (other citations omitted).
[19] Doc. No. 15 at 1.
[20] *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1265 (11th Cir. 2011) (emphasis added) cert. denied, 133 S. Ct. 101, 184 L. Ed. 2d 22 (U.S. 2012).
[21] *In re Porcelli*, 325 B.R. 868, 872 (Bankr. M.D. Fla. 2005) (citing *SSIH Equipment S.A. v. United States Int'l Trade Comm'n,* 718 F.2d 365 (Fed. Cir. 1983) (noting "the law is well settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.").
[22] Doc. No. 11 Exhibit A.
[23] Doc. No. 15 at 2 (stating "However, the Debtor's review of the relevant legal authority does indicate that pre-petition interest follows a non-dischargeable debt."). *See also In re Burns*, 887 F.2d 1541, 1543 (11th Cir. 1989) (stating "…we conclude that the post-petition interest on a nondischargeable tax debt is nondischargeable.").
[24] *Id. See also Matter of Touchstone*, 149 B.R. 721, 728 (Bankr. S.D. Fla. 1993) ("To the extent that such interest relates to the damage awards found to be nondischargeable, the interest which has accrued on such awards is also found to be nondischargeable.").

An award of pre-judgment interest compensates parties for the lost use of their money over time,[25] such as here, where the Plaintiff has been deprived of her annuity benefits since her brother's death in 2002.[26] Pre-judgment interest becomes part of a single sum owed by a wrongful defendant, which automatically bears interest itself.[27] Therefore, the prejudgment interest of $197,116.23, accruing in accordance with Fla. Stat. § 55.03, and costs already or to be determined by the state court,[28] shall be added to the Defendant's nondischargeable debt.

Accordingly, finding no material factual disputes preclude summary judgment as a matter of law, the Court grants the Plaintiff's motion.[29] The entire judgment, including all assessed interest and costs, whether arising before or after the filing of this bankruptcy case, is not dischargeable under § 523(a)(2)(A) of the Bankruptcy Code. A Final Summary Judgment consistent with this memorandum opinion shall be entered.

DONE AND ORDERED this 28 day of June, 2013.

*Karen S. [signature]*

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

---

[25] *In re Rosen*, 232 B.R. 284, 298 (Bankr. E.D.N.Y. 1999); *Peavy v. Dyer*, 605 So. 2d 1330, 1332 (Fla. Dist. Ct. App. 1992) (noting "Under this loss theory of damage, the failure of the defendant to surrender monies it owed to the plaintiff was itself a wrongful deprivation of the plaintiff's property, which the final judgment restores to the plaintiff.").

[26] *Id.*

[27] *See Peavy v. Dyer*, 605 So. 2d at 1332 (citing *Phillips v. Parrish,* 585 So.2d 1038 (Fla. 1st DCA1991) (holding prejudgment interest automatically bears interest as provided for under § 55.03, Florida Statutes and Form 1.988(b))).

[28] *Cohen v. de la Cruz*, 523 U.S. 213, 118 S. Ct. 1212, 1214, 140 L. Ed. 2d 341 (1998) (holding damages, costs, and attorney fees awarded on account of a debtor's fraud are nondischargeable under § 523(a)(2)(A)); *In re Tucker*, Case No. 6:12-bk-03863-KSJ (Bankr. M.D. Fla. 2013) (holding that a state court judgment for criminal practices and fraud, which included attorneys' fees and costs, was nondischargeable under §§ 523(a)(2), (4) and (6)).

[29] Doc. No. 11.